NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JONATHAN TORRES-SOSA[1], *Appellant.*

No. 1 CA-CR 24-0010

FILED 03-20-2025

Appeal from the Superior Court in Maricopa County
No. CR2022-107088-001
The Honorable Suzanne M. Nicholls, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse F. Turner
*Counsel for Appellant*

---

[1] The record reflects that this is the correct spelling of Appellant's name. We amend the caption accordingly, and order that the above caption be used on all future documents filed in this matter.

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

¶1 Jonathan Torres-Sosa was charged with six felonies after he fired a gun at his former girlfriend and her boyfriend, injuring the latter. A jury convicted him of all counts, and he was sentenced to prison terms totaling 26.5 years. Torres-Sosa's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this Court to search the record for fundamental error.

¶2 Torres-Sosa was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, we affirm Torres-Sosa's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶3 We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Torres-Sosa. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶4 After having a brief relationship with Torres-Sosa, E.N. began dating L.M.[2] Upset about the end of his relationship with E.N., Torres-Sosa threatened to shoot E.N. and L.M.

¶5 On February 14, 2022, L.M. and E.N. drove to R.R.'s apartment to have dinner. When they arrived at the apartment complex, E.N. stepped out of the car when she heard gun shots being fired. She ducked and hid behind the car. Looking around, E.N. saw Torres-Sosa, who was standing on the other side of the wall that surrounds the complex's parking lot, firing a gun at them. She also heard bullets hitting L.M.'s car.

¶6 Hearing the gunfire, R.R. called 911.

---

[2] Initials are used to protect the privacy of the victims and witnesses.

¶7        L.M., too, saw the shooter, and recognized him as Torres-Sosa. E.N. and L.M. got back into the car and drove away. Not until L.M. complained of a burning sensation in his back did they realize L.M. had been shot. E.N. then drove L.M. to the hospital, where they were met by police.

¶8        Police officers arrived at the scene and located eleven shell casings in the area where witnesses reported the shooter had been standing. They also obtained video from the apartment complex's security cameras.

¶9        About two weeks later, Torres-Sosa was arrested while sitting in a car at a gas station. During a post-arrest search, police found, in his pocket, a small baggie containing what laboratory testing later confirmed to be methamphetamine. They also found two .45 caliber pistols in the car, a Springfield and a Smith and Wesson. Subsequent testing determined that eight of the eleven shell casings recovered from the scene had been fired by the Springfield. DNA swabs were taken from both guns. The criminalist who tested them found four separate DNA profiles on the Springfield, one of which was a match for Torres-Sosa.

¶10        The State charged Torres-Sosa with two counts of Aggravated Assault, class 3 dangerous felonies; Discharge of a Firearm at a Non-Residential Structure, a class 3 dangerous felony; two counts of Misconduct Involving Weapons ("MIW"), class 4 felonies; Possession or Use of Dangerous Drugs, a class 4 felony; and Disorderly Conduct, a class 6 dangerous felony. The two MIW counts were later severed for purposes of trial.

¶11        Trial began in August 2023. During jury selection, a number of jurors were stricken for cause, but no juror was struck for cause over defense objection. After counsel for both parties passed the panel for cause, a jury of fifteen, including three alternates, was empaneled.

¶12        The State presented twenty witnesses. E.N. testified about the shooting at R.R.'s apartment, identified Torres-Sosa as the shooter, and stated that the shooting put her in fear for her life. She also testified that she had dated Torres-Sosa two months earlier and that he later threatened to harm her and L.M. L.M., too, identified Torres-Sosa as the shooter, and testified about the gunshot injury he sustained.

¶13        L.M.'s treating physicians testified that the bullet entered L.M.'s lower back just above the hip and caused a right pelvic fracture. They also testified that gunshots to the abdomen such as the one L.M. sustained can strike vital organs and blood vessels and prove fatal.

¶14         R.R.'s roommate M.C. testified that she was at home at the time of the shooting and heard both the gunshots and E.N.'s screams. She testified that she looked out the window and saw Torres-Sosa pacing and waving his arms, but did not see a gun. M.C. testified that she was "scared."

¶15         The court admitted R.R.'s 911 call over Torres-Sosa's Confrontation Clause and hearsay objections, holding that R.R.'s statements were non-testimonial and were admissible under the "excited utterance" and "present sense impression" exceptions to the hearsay rule. *See* Ariz. R. Evid. 803(1), (2). In the 911 recording, R.R.'s children can be heard crying in the background.

¶16         After the State rested, Torres-Sosa moved for a directed verdict under Rule 20 of the Arizona Rules of Criminal Procedure. The court denied the motion. After Torres-Sosa personally confirmed on the record that he did not want to testify in his own defense, the defense rested.

¶17         The court and counsel settled jury instructions, and Torres-Sosa did not object to the final instructions that were given. Counsel then presented closing argument. After retiring to deliberate, the jurors returned to deliver their verdict finding Torres-Sosa guilty on all counts.

¶18         Before the aggravation phase, the State asked the court to make a finding that "dangerousness" is inherent in the charged offenses of Aggravated Assault and Discharge of a Weapon, and therefore that the jury's guilty verdict on those three counts established that the offenses were dangerous for sentencing enhancement purposes. Over Torres-Sosa's objection, the court found that dangerousness was inherent in those three counts, citing *State v. Gatliff,* 209 Ariz. 362 (App. 2004). *See id.* at 365, ¶ 17 (holding "a separate jury finding of dangerousness is not required" when "use of a dangerous instrument is an element of the . . . offense").

¶19         The parties presented argument, but no new evidence, at the aggravation phase. After deliberating, the jury found that the State had proven, as aggravating factors for Count One, Aggravated Assault on L.M., the following: infliction or threatened infliction of serious physical injury; physical, emotional, or financial harm; lying in wait or ambushing; and the defendant left the scene of the crime. The jury found that the State had proven the same aggravating factors for Count Two, Aggravated Assault on E.N., as well as an additional aggravating factor, that the offense was one of domestic violence. The jury found that the State had proven, for Count Three, Discharge of a Firearm, the aggravating factors of lying in wait for or ambushing L.M. and E.N. and leaving the scene. For Count

Seven, Disorderly Conduct, the jury found that the State had proven that the offense was dangerous and that the defendant left the scene.

**¶20** Torres-Sosa later pled guilty to one of the two MIW counts in exchange for a stipulated term of 2.5 years in the Arizona Department of Corrections and the dismissal of the second MIW count.

**¶21** At sentencing, the court noted it had considered the pre-sentence report, the aggravating factors found by the jury, and the parties' sentencing recommendations, and confirmed that victims' rights had been complied with. The court then imposed the following sentences: (1) 12 years' imprisonment on each of the Aggravated Assault counts (Count One and Count Two), to run consecutively to each other; (2) 10 years' imprisonment for Discharge of a Firearm at a Non-Residential Structure (Count Three) and 2.5 years' imprisonment for Disorderly Conduct (Count Seven) to run concurrently with Count Two; (3) 2.5 years' imprisonment each for Misconduct Involving Weapons (Count Four) and Possession or Use of Dangerous Drugs (Count Six), to run consecutive to Counts Two, Three, and Seven. The court credited Torres-Sosa with 658 days of presentence incarceration for Count One and dismissed Count Five by agreement of the parties.

**¶22** Torres-Sosa timely appealed. This Court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶23** We review Torres-Sosa's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Torres-Sosa has advised this Court that after a diligent search of the entire record, counsel has found no arguable questions of law.

**¶24** We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Torres-Sosa at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Torres-Sosa's convictions and sentences.

**¶25** Upon the filing of this decision, defense counsel shall inform Torres-Sosa of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue

appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Torres-Sosa shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

**¶26**      For the foregoing reasons, we affirm Torres-Sosa's convictions and sentences.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:         JR